**In re OAK BROOK APARTMENTS OF HENRICO COUNTY, LTD., Debtor.**

**Bankruptcy Nos. 2–90–02180, 31–1276214.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

Nov. 21, 1990.

Martin Stone, Cleveland, Ohio, for The Louisiana–Pacific Co. and Mill Distributors, Inc.

Charles W. Ewing, Charles W. Ewing Co., L.P.A., Columbus, Ohio, for debtor.

Jay Alix, Jay Alix & Associates, Southfield, Mich., Chapter 11 Trustee.

Marilyn Shea–Stonum, Jones, Day, Reavis & Pogue, Columbus, Ohio, Special Counsel to Trustee.

## OPINION AND ORDER GRANTING MOTION TO DISMISS CHAPTER 11 CASE

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the Motion to Dismiss this Case ("the Motion") filed by Oak Brook Apartments of Henrico County, Ltd. ("Debtor") and the Objection of Mill Distributors and Louisiana Pacific Company ("the Objectors"). The Court heard the matter on August 14 and 27, 1990.

The Court has jurisdiction in this contested matter under 28 U.S.C. § 1334 and the General Order of Reference previously entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

The Debtor seeks to dismiss this case because an agreement has been reached between Signet Bank, the holder of a first mortgage against the Debtor's real property, and the Trustee for Cardinal Industries Inc. ("CII"), the managing general partner of the Debtor. That agreement provides:

1. The Debtor will transfer its real property to Signet;

2. Signet will assume all of the Debtor's accounts payable except those owing to CII or an affiliate of CII; and

3. Signet will release all claims it may ever have against the Debtor with respect to its property.

The Objectors hold a second mortgage against the Debtor's real property. They maintain that the only way they can be paid on account of that second mortgage is through a reorganization of this partnership Debtor. The Objectors wish to propose a plan of reorganization which will use funds now in the Debtor's accounts and future operating revenues generated by the Debtor's property to pay all the partnership's non-insider creditors and, from any surplus, to pay the Objectors.

The second mortgage held by the Objectors was granted by the Debtor to secure an obligation of CII. There was no evidence that the Debtor received any consideration for encumbering its property with that second mortgage or that the Debtor received other benefit from the Objectors or from the Objectors' loan to CII. Rather, it appears to the Court that the second mortgage is merely a guarantee mortgage undertaken by the Debtor to secure a claim of CII. The second mortgage does not create any obligation from the Debtor to the Objectors. Further, testimony established that the current fair market value of the Debtor's real property is less than the balance of the obligation to Signet which is secured by a first mortgage.

The Debtor asserts that the Objectors' mortgage lien is void or voidable under sections 506 and 544 of the Bankruptcy Code. Further, as the Objectors have no underlying claim in this case, the Debtor argues that the objection to dismissal is without merit.

In considering a Motion to Dismiss a Chapter 11 case, the Court must consider the following:

> ... the Court may convert a case under this chapter to a case under Chapter 7 of this title, or may dismiss a case under this chapter, *whichever is in the best interest of creditors and the estate....*

11 U.S.C. § 1112(b).

The Objectors are parties-in-interest in this case and they do not benefit from dismissal. However, the statute requires consideration only of the interests of creditors and the estate. The Objectors are not creditors because they have no claim against this estate. The estate likewise is not benefited by continuing this case under the auspices of Chapter 11 as the Debtor has represented that it is unable to effectu-

ate a plan of reorganization. The payments proposed to be made by Signet upon dismissal are more favorable to unsecured claimants than is the plan contemplated by the Objectors. It clearly is in the best interests of unaffiliated unsecured creditors of this Debtor to dismiss this case so that Signet will pay their claims in full under the terms of the agreement between Signet and CII. Finally, the Debtor partnership believes dismissal is more favorable to its interests because it will benefit from the waiver of claims which is part of the agreement with Signet. Although the result of this analysis produces a harsh impact upon the Objectors, their interest in this bankruptcy estate simply is not an interest which is or should be protected by the Bankruptcy Code or by state law.

Based on the foregoing, the objection of Mill Distributors and Pacific Louisiana Company is overruled. This case is hereby dismissed on the Debtor's motion.

IT IS SO ORDERED.