**In re OAK BROOK APARTMENTS OF HENRICO COUNTY, LTD., Debtor.**

Bankruptcy No. 2–90–02180.
EIN: 31–1276214.

United States Bankruptcy Court,
S.D. Ohio, E.D.

April 5, 1991.

Martin Stone, Cleveland, Ohio, for The Louisiana–Pacific Co. and Mill Distributors, Inc.

Charles W. Ewing, Charles W. Ewing Co., L.P.A., Columbus, Ohio, for debtor.

Jay Alix, Jay Alix & Associates, Southfield, Mich., Chapter 11 trustee.

Marilyn Shea–Stonum, Jones, Day, Reavis & Pogue, Columbus, Ohio, trustee Jay Alix, trustee of Cardinal Industries, Inc.

Teri Rasmussen, Porter, Wright, Morris & Arthur, Columbus, Ohio, for Signet Bank.

## OPINION AND ORDER ON MOTION FOR RECONSIDERATION

BARBARA J. SELLERS, Bankruptcy Judge.

### I. *Preliminary Matters*

This matter is before the Court on a motion to reconsider this Court's November 21, 1990 Opinion and Order dismissing this Chapter 11 case. 121 B.R. 788. Mill Distributors, Inc. and The Louisiana–Pacific Company ("Mill and L.P.") filed this motion and Oak Brook Apartments of Henrico County, Ltd. ("Debtor") opposed it. After a hearing on February 13, 1991, the Court took the matter under advisement. For the reasons which follow, Mill and L.P.'s motion for reconsideration is denied and this Chapter 11 case remains dismissed.

The Court has jurisdiction in this matter under 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core proceeding which this bankruptcy judge may hear and determine. 28 U.S.C. § 157(b)(2)(A) & (O).

## II. *Facts and Procedural Background*

The Debtor sought to dismiss its Chapter 11 case because it had reached an agreement with Signet Bank, the holder of a first mortgage against the Debtor's primary asset. The terms of that agreement are fully set forth in the November 21, 1990 opinion and need not be restated.

Mill and L.P. are joint holders of a second mortgage also against the Debtor's primary asset. This second mortgage secures an obligation of Cardinal Industries Inc. ("CII") for goods and services provided by Mill and L.P. to other affiliates of CII. Under the agreement with Signet, the Debtor's unsecured creditors would be paid in full by Signet, but Mill and L.P. would receive nothing. Mill and L.P. contend that they should be included in any resolution of this partnership's financial problems.

In its earlier opinion the Court found that Mill and L.P. were parties-in-interest in this case, but were not creditors of this Debtor. Thus, the statutory requirement to consider the "best interests of the creditors and the estate" does not include consideration of the interests of Mill and L.P. 11 U.S.C. § 1112(b). The Court recognized the harsh impact of dismissal on Mill and L.P., but found that "their interest in this bankruptcy estate simply is not an interest which is or should be protected by the Bankruptcy Code."

## III. *Discussion*

### A. *Standard of Review For Motions For Reconsideration*

■ Bankruptcy Rule 9023 and Fed.R. Civ.P. 59(c) govern motions to alter or amend judgments. Motions filed under these provisions are properly characterized as motions for reconsideration and are within the discretion of the trial court to grant or deny. *Huff v. Metropolitan Life Insurance Co.*, 675 F.2d 119 (C.A.6 1982). Such motions are appropriate only to correct "manifest errors of fact or law" or to present newly discovered evidence. *In re Cafferky*, 39 B.R. 330, 335 (Bankr.M.D. Tenn.1984). Stated differently, "relief under Rule 59(e) is limited to manifest misapprehension of the law or mistake of fact."

*In re Winer*, 39 B.R. 504, 512 (Bankr.S.D. N.Y.1984).

■ Motions for reconsideration should not be used merely to relitigate the issues already decided. Unless the movant can demonstrate "manifest errors of fact or law," reconsideration should not be sought. Such motions should not be used a substitute for appeal.

### B. *Application of the Standard to the Facts of This Case*

■ Mill and L.P.'s motion for reconsideration is not appropriate. The parties skirmished about whether this Court's initial opinion and order was a final judgment. They also disputed whether Mill and L.P.'s motion was timely or properly served. Assuming the Court and Mill and L.P. followed all procedures correctly, the motion is nevertheless denied.

Mill and L.P. offered no new evidence at the February 1991 hearing and failed to demonstrate any manifest errors of law made by the Court. Mill and L.P. essentially reargued the same issues. First, Mill and L.P. contended that the Debtor failed to meet its burden of proof for a motion to dismiss under § 1112(b). This contention merely asked the Court to reexamine its initial conclusions without new evidence to support a different result. Such is not the purpose of a motion to reconsider.

Mill and L.P. also referred to a plan of reorganization they planned to propose for this Debtor's financial difficulties. This proposed plan allegedly treated unsecured creditors of the Debtor better than did Signet's proposal. However, no proposed plan has been filed, although Mill and L.P. have been free to propose a plan since the expiration of the Debtor's exclusivity period. But without a plan and disclosure statement on file, the Court cannot speculate on the reorganization prospects for this Debtor under that plan. Further, Mill and L.P. presented no evidence at the February 13, 1991 hearing which would show that their plan served the interests of creditors of *this* estate as well or better than did dismissal of this Chapter 11 case accompanied by immediate payment in full.

The Court recognized in its initial opinion and at both hearings that the result in this case was a harsh one for Mill and L.P. But assured payment of this estate's creditors, which Mill and L.P. are not [1], must prevail over whatever interests Mill and L.P. have. The best interests of the creditors and the estate are met by dismissal of this Chapter 11 and implementation of the agreement between Signet and the Debtor. If Mill and L.P. had presented evidence at either hearing showing that the best interests of all would be met by continuation of this Chapter 11 case, the result may have been different. No such evidence was presented.

 Mill and L.P. further raised peripheral issues which are not appropriate for the relief sought by this motion. Events which occurred after the initial order or those unrelated to that order are not proper in a motion to reconsider. Mill and L.P. alleged deficiencies in the initial appraisal of the Debtor's property which were allegedly relied upon by them in accepting the second mortgage for their debt from CII. If Mill or L.P. have rights against the appraiser or CII, such rights are not affected by dismissal of this Debtor's Chapter 11 case. Likewise, Mill and L.P. alleged that deficiencies exist in the documents which created or assigned the first mortgage to Signet. Resolution of that issue is not precluded by dismissal of this Debtor's Chapter 11 case, however, and was not properly raised at the first hearing.

Finally, Mill and L.P. allege that Signet violated the automatic stay by holding a foreclosure sale in December 1990 before the Court's earlier order became final. Even if such allegations are true, they are not properly before this Court now and, therefore, cannot alter the Court's earlier finding that dismissal of this Chapter 11 case is in the best interests of the creditors and the estate.

The Court recognizes the problems it may have caused by failing to enter a sepa-rate judgment in November 1990. Therefore, to preserve Mill and L.P.'s appeal rights, a judgment relating to the November 21, 1990 opinion and order will be entered immediately along with a judgment on this motion for reconsideration.

### IV. *Conclusion*

Mill and L.P. have not established any basis for this Court to grant their motion for reconsideration. Mere unsupported allegations cannot serve as that basis. Manifest errors of law have not been shown and new evidence has not been presented. Accordingly, the motion for reconsideration must be, and the same is hereby denied.

IT IS SO ORDERED.

---

1. Mill and L.P. have not presented enough evidence to demonstrate that there is value in the Debtor's property above the amount of the first mortgage. Without such value, Mill and L.P. do not have even a secured claim against this estate, and are thus not creditors under 11 U.S.C. § 101(9).