**In re WEDGESTONE FINANCIAL,
Debtor.**

**EQUITY SECURITY HOLDERS'
COMMITTEE, Plaintiff,**

v.

**WEDGESTONE FINANCIAL, Defendant.**

**Bankruptcy No. 91–16930.
No. 92–1716.**

United States Bankruptcy Court,
D. Massachusetts.

March 29, 1993.

Christopher J. Panos, Craig and Macauley, Boston, MA, for debtor.

Larrick B. Stapleton, Philadelphia, PA, for Equity Sec. Holders' Committee.

## MEMORANDUM DECISION

WILLIAM C. HILLMAN, Bankruptcy Judge.

On August 9, 1991, Wedgestone Financial ("Debtor") filed a voluntary petition for relief under Chapter 11 of the Code. On August 9, 1991, the United States Trustee appointed an Equity Security Holders' Committee (the "Committee") in the case. On May 5, 1992, this Court entered an order (the "Confirmation Order") confirming Debtor's First Amended Plan of Reorganization (the "Plan").

On October 30, 1992, the Committee filed a complaint to revoke the Debtor's Plan under 11 U.S.C. § 1144; the complaint was subsequently amended. Also on October 30, the Committee filed a motion to employ Larrick B. Stapleton ("Stapleton") as counsel to represent it in the adversary proceeding. Debtor filed an objection to the motion to employ and a subsequent hearing was held on November 30, 1992, (the "original hearing").

At the original hearing, Debtor objected to the motion to employ on the grounds that § 9.1 of the Plan and Confirmation Order (the "Plan") operated to dissolve any official committees appointed in the proceedings as of the "Effective Date" of the Plan (August 3, 1992). Debtor argued that because the "Official Committee" had been dissolved by the Plan, the Committee did not constitute a "party in interest" under § 1144 and could not commence the adversary proceeding or hire counsel to represent it. Notwithstanding Debtor's arguments, the Court entered an order authorizing the Committee to retain counsel to prosecute the adversary proceeding with the caveat that counsel would only be compensated to the extent that his efforts substantially contributed to the estate, citing *In re Wang Laboratories Inc.*, 149 B.R. 1 (Bankr.D.Mass.1993).

On December 22, 1992, Debtor filed a "Motion for Reconsideration of Order Authorizing Employment of Counsel by Equity Committee" (the "motion to reconsider") stating that the Debtor had obtained newly discovered evidence indicating that the Committee did not obtain the requisite approval of Equity Committee members to hire Stapleton at a "scheduled meeting with a majority of members present" as required by 11 U.S.C. § 1103. The Court conducted a hearing on December 22 (the "second hearing") and informed counsel that it would take the Committee's motion to employ counsel, Debtor's objection to the motion to employ, Debtor's motion to reconsider, and Debtor's motion to dismiss under advisement.

## DISCUSSION

The Court realizes that its bench rulings at the original hearing concerning the motion to employ were other than complete. Although the Court warned counsel regarding his future compensation under the *Wang* standard, the Court did not directly rule that the Committee existed for litigation purposes despite language in the Plan which apparently provided for its dissolution. The Court now takes this opportunity to provide the parties with a comprehensive ruling on: the Committee's motion to employ counsel; Debtor's objection to the motion to employ; Debtor's motion to dismiss the adversary proceeding; and Debtor's motion to reconsider.

## THE MOTION TO EMPLOY

■ Debtor argues that the Committee does not constitute a "party in interest" for purposes of commencing an adversary proceeding under § 1144 because § 9.1 of the Plan provides for the dissolution of all official committees as of the "Effective Date", August 3, 1993.[1]

The Bankruptcy Code provides for the appointment and duties of committees under §§ 1102 and 1103 but does not provide for the dissolution of committees. The Court must determine whether the Committee in this case is attempting to act within the scope of its powers under § 1103 in

1. § 9.1 of the Plan entitled "Management of the Estate After Confirmation" states, in part: "Any creditors' committees and/or equity committees appointed in this Reorganization Case shall be dissolved as of the Effective Date."

commencing an adversary proceeding under § 1144, and if so, whether the Court has jurisdiction to hear the matter.

The powers and duties of committees appointed under § 1102 are set forth in § 1103(c):

"A Committee appointed under section 1102 may—

(2) investigate the acts, conduct, assets, liabilities, and financial condition of the debtor ... and any relevant matter to the case or to the formulation of the Plan;

(5) perform such other services as are in the interest of those represented."

The Court concludes that commencing an adversary proceeding under § 1144 is squarely within the scope of a committee's powers under § 1103.

■ The Court finds its subject matter jurisdiction over the proposed adversary proceeding in the Plan itself. Section 9.3 of the Plan entitled "Retention of Jurisdiction" states, in relevant part:

"Notwithstanding confirmation of this Plan or the *Effective Date* having occurred, the Court shall retain jurisdiction of the Reorganization Case pursuant to Chapter 11 of the Code for the following purposes:

(d) Resolution of controversies and disputes regarding the interpretation and enforcement of this Plan..;

(g) Except as otherwise provided in this Plan, adjudication of any causes of action..;

(j) Entry and implementation of such orders as may be appropriate in the event that the Confirmation order is for any reason stayed, revised, revoked or vacated;

(*l*) Adjudication of all Claims or controversies arising during the pendency of the Reorganization Case. (emphasis added)"

Section 9.3 of the Plan indicates that Debtor intended and expressly provided for the retention of jurisdiction of the Bankruptcy Court over actions commenced after the time of confirmation. The language is specific and overrides § 9.1. The Court,

therefore, concludes that the Committee exists at least to commence an adversary proceeding under § 1144, and the Court has the jurisdiction to hear it.

## THE MOTION TO DISMISS

Debtor filed the motion to dismiss the adversary proceeding pursuant to F.R.B.P. 7012 arguing that the Committee did not exist. For the reasons stated above, the Court concludes that the motion must fail.

## THE MOTION TO RECONSIDER

Debtor filed the motion to reconsider the Court's order authorizing the Committee to retain counsel because Debtor claimed it had obtained newly discovered evidence relating to the Committee's method of counsel selection.

The Federal Rules do not recognize "motions for reconsideration" in haec verba. *Lavespere v. Niagra Mach & Tool Works Inc.*, 910 F.2d 167, 173 (5th Cir.1990); *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir.1979); *In re Morrison*, 26 B.R. 57 at 60 (Bankr.N.D.Ohio 1982). However, the Bankruptcy Court does have post-judgment reconsideration powers under F.R.B.P. 9023 and 9024 which extend F.R.C.P. 59 and 60 to bankruptcy proceedings.

■ When a motion styled as a "motion to reconsider" challenges a prior judgment on the merits, it will be treated as either a motion to "alter or amend" under Rule 59(e) or a motion for "relief from judgment" under Rule 60(b).

## RULE 59(e)

■ To be timely filed, a motion to "alter or amend" under Rule 59(e) must be served within ten (10) days from the entry of the order or judgment. The failure to timely serve the motion is jurisdictional, and pursuant to F.R.B.P. 9006(b)(2), the Bankruptcy Court is without power to extend the time unless a motion is filed before the ten day period expires. *In re Leiter*, 109 B.R. 922 at 924 (Bankr.N.D.Ind.1990).

In the present case, the Court entered an order authorizing the Committee to retain counsel on November 30, and the Debtor

filed its motion to reconsider on December 22. Debtor did not file a motion for extension of time within the ten day period. Therefore, if the motion is treated as one to "alter or amend judgment" under F.R.C.P. 59(e) it must be denied as untimely.

### RULE 60(b)

F.R.C.P. 60(b) states in relevant part:

On motion and upon such terms as are just, the Court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under 59(b); (3) fraud ... or any other reason justifying relief from the operation of a judgment. F.R.C.P. 60(b) as made applicable by F.R.B.P. 9024.

 The rule is limited to review of final orders. A final order is one that concludes the litigation on the merits of a case and "leaves nothing for the Court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 634, 89 L.Ed. 911 (1945). In the present case, the order authorizing the Committee's retention of counsel is only final as to the issue of employment, not as to the merits of the adversary proceeding. The order is an interim one and therefore may not be vacated by operation of Rule 60(b), notwithstanding Debtor's newly discovered evidence.

Separate orders will enter.