**In the Matter of Bobby D. PRUETT, Debtor.**

**Bankruptcy No. 94–81358.**

United States Bankruptcy Court, N.D. Alabama, Northern Division.

Feb. 23, 1995.

---

**8**

Vera Smith Hollingsworth, Decatur, AL, for debtor.

S. Wayne Fuller, Cullman, AL, for Merchants Bank.

## ORDER

JACK CADDELL, Bankruptcy Judge.

This matter is before the Court on an objection to confirmation filed by Merchants Bank (the "Bank"). Oral arguments were presented to the Court on the 11th day of January, 1995.

BancBoston holds a first mortgage on the debtor's residence. No arrearage is owed on this debt, and the debtor proposes to pay this mortgage directly as it becomes due. The claim of the Bank is secured by a second mortgage on the residence, a first mortgage on 20 acres of real estate (two chicken houses) and a first lien on approximately 20 pieces of equipment.

The debtor proposes to sell the 20 acres of real estate within 120 days of confirmation and to pay the proceeds derived therefrom to the Bank. The debtor proposes to surrender the equipment to the Bank for a credit and to retain the home and pay for its value in the plan as secured with interest. The balance of the claim owed to the Bank would be unsecured.

The Bank objects to the confirmation of the debtor's plan because it does not provide for full payment of its indebtedness. The Bank argues that § 1322(b)(2) prohibits the debtor from bifurcating its claim into a partially unsecured debt or from modifying the terms of its note and mortgage with the debtor, citing *Nobelman v. American Sav. Bank*, — U.S. —, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993). The debtor argues that because the claim of the Bank is secured by the home and other collateral that § 1322(b)(2) and *Nobelman* do not apply.

In 1993, the United States Supreme Court held in the case of *Nobelman v. American Sav. Bank*, — U.S. —, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993), that a home mortgage could not be bifurcated under Chapter 13 because § 1322(b)(2) says that a Chapter 13 plan may not modify a claim that is "secured only by a security interest in real property that is the debtor's principal residence."

In *In re Hammond*, 27 F.3d 52 (3rd Cir. 1994), the creditor had a mortgage on the Chapter 13 debtor's home as well as appliances, machinery, furniture and equipment. The Third Circuit Court of Appeals held that a mortgage that created a lien in the debtor's residence in addition to a security interest on personal property was beyond the protection of the statute which prohibits modification. The Court allowed the debtor to bifurcate the mortgage into secured and unsecured portions. *See In re Hirsch*, 155 B.R. 688 (Bkrtcy.E.D.Pa.1993) (debtor allowed to bifurcate secured claim which was secured by home, rents, profits and fixtures.)

In the case of *In re McGregor*, 172 B.R. 718 (Bkrtcy.D.Mass.1994), the debtor owned a four unit apartment complex and lived in one of the apartments. A mortgage was held on the property by CountryWide Funding Corporation. The mortgage indebtedness had a balance due on it in the sum of $202,792.93. The fair market value of the property was in dispute with the debtor asserting it to be worth $100,000.00 and CountryWide valuing it at $135,000.00. The debtor's plan sought to bifurcate CountryWide's claim into a secured claim of $100,000.00 and an unsecured claim of $102,792.93. The debtor proposed to pay the unsecured portion through her five year plan at fourteen cents on the dollar. The plan further proposed to reamortize the secured debt of $100,000.00 over the notes remaining 22 years at eight percent interest per annum. CountryWide's original note and mortgage called for a ten and one-half percent interest rate.

The *McGregor* court held that Country-Wide was not entitled to the protection af-

forded by *Nobelman* (§ 1322(b)(2) ) since the bank had a security interest in the debtor's entire building which included both her principal residence and three income producing units. Thus, the debtor was entitled to a valuation of the collateral under § 506(a). CountryWide proposed an alternative argument that in the event that the court permitted bifurcation of its claim that § 1322(c) required that the payments must be completed over no more than a maximum of five years, not the 22 years proposed by the debtor. The debtor, on the other hand, relied on § 1322(b)(5) which provides:

(b) Subject to subsections (a) and (c) of this section, the plan may . . .

(5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due.

The court held that a change in the amount of the monthly payments and interest rate would not constitute "maintenance of payments;" as the phrase "maintenance of payments connotes an absence of change." *Id. at p. 721.* The court held that if payments and interest rates are modified that § 1322(c) and § 1325(a)(5) both require that they be completed over the life of the plan, which cannot exceed five years.

The court went on to hold that the debtor may nevertheless take advantage of § 1322(b)(5) by keeping the same ten and one-half percent contract rate and making the same payments of principal and interest called for by the note during the life of the plan and during such further period of time as is necessary to have the total principal payments equal the amount of the secured claim as valued by the court. This would be a "maintenance of payments" and the payments would be maintained on the "secured claim" as that claim is computed in accordance with § 506(a) and the three to five year limitation on plan payments under § 1322(c) would have no application. Thus, the *McGregor* case held that since the plan proposed to change the interest rate, that the entire claim as devalued under § 506(a) must be paid within the five year life of the plan in order to be confirmed.

■■■ This Court adopts the reasoning of the *McGregor* case. The debtor may request a hearing to determine the value of all the property that secures the mortgage of the Bank and retain the same interest rate and make the same payments of principal and interest called for by the original note during the life of the plan and during such further period of time as necessary to pay in full the secured claim as valued by the court. Alternatively, the debtor may change the interest rate and the amount of the monthly payments, but if he does so, the amount of the allowed secured claim must be paid within the five year period.

■■■ The debtor's plan in its present form cannot be confirmed. No market prices have been established either for the residence, the 20 acres of real estate, or the equipment which the debtor proposes to surrender to the Bank. The Court further notes that a plan to sell property in the future at an unspecified price is not feasible. *In re Erickson,* 176 B.R. 753 (Bkrtcy.E.D.Pa.1995).

For the foregoing reasons, it is hereby ORDERED, ADJUDGED and DECREED that confirmation of the debtor's plan be and hereby is DENIED.