**In re Russell STIVENDER, Debtor.**

**No. 02–19019.**

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Aug. 7, 2003.

Order denying reconsideration
Aug. 28, 2003.

G. Timothy Dearfield, Cincinnati, OH, for Debtor.

## ORDER DENYING CONFIRMATION

J. VINCENT AUG, JR., Bankruptcy Judge.

This matter is before the Court on creditor Bank One, N.A.'s objection to confirmation (Docs. 36, 43) and the Debtor's response (Docs. 44, 46). A hearing was held on July 15, 2003.

The issue before the Court is whether the Debtor may use both the "strip and pay" provision of 11 U.S.C. § 1322(b)(2) and the "cure and maintain" provision of 11 U.S.C. § 1322(b)(5) with respect to a single creditor. Bank One contends that the Debtor's plan violates the five year requirement embodied in 11 U.S.C. 1322(d) and 11 U.S.C. § 1325(a)(5)(B).[1]

This is a case of first impression for this district.

---

1. 11 U.S.C. § 1322(d) states that a plan may not provide for payments over a period of time of more than five years. 11 U.S.C. § 1325(a)(2)(B) states that the value of property to be distributed under the plan must not be less than the full amount of the allowed claim.

██ Bank One has a mortgage on the Debtor's two-family residence[2] with an outstanding principal balance due of $134,083 and a prepetition arrearage of $10,316. The last payment is due on the mortgage in September, 2016. The Debtor values the property at $90,000.[3] The Debtor proposes to bifurcate Bank One's claim into a secured claim of $90,000, with the balance being unsecured. The Debtor would continue to make his regular mortgage payments directly to Bank One. These regular mortgage payments would continue beyond the length of the five year plan. The unsecured portion would be paid as a general unsecured claim at 1%. The Debtor would cure the prepetition arrearage of $10,316 by plan payments to be administered by the Chapter 13 Trustee.

There is relatively little caselaw on this issue. At first blush, *In re Enewally*, 276 B.R. 643 (Bankr.C.D.Cal.2002), appears to support the Debtor's position. However, the debtor in that case was current on his mortgage, therefore, the debtor did not attempt to directly invoke both § 1322(b)(2) and § 1322(b)(5) as is the Debtor in the present case. Moreover, in the course of its analysis, the court in *In re Enewally* acknowledged that a chapter 13 debtor cannot invoke both the modification of a secured creditor's rights under § 1322(b)(2) and the cure and maintain provision under § 1322(b)(5). 276 B.R. at 651.

There are additional cases which hold that a debtor may take advantage of either the strip and pay provision of § 1322(b)(2) or the cure and maintain provision of § 1322(b)(5), but not both. *See In re Hus-sain*, 250 B.R. 502, 507 (Bankr.D.N.J.2000) (citations omitted). This is because unlike § 1322(b)(5)'s cure and maintain provision, which necessarily presupposes maintenance payments extending beyond the length of the plan, § 1322(b)(2)'s strip and pay provision contains no such language. *See id.; see cf. In re Koper*, 284 B.R. 747 (Bankr.D.Conn.2002)(holding that *both* § 1322(b)(2) and § 1322(b)(5) are subject to the five year limitation of § 1322(d)). Thus, if a debtor attempts to invoke the strip and pay provision of § 1322(b)(2), the debtor must comply with the five year limitation period of § 1322(d) and § 1325(a)(5)(B). In other words, the invocation of § 1322(b)(5)'s cure and maintain provision does not change the fact that § 1322(b)(2)'s strip and pay provision is subject to the five year limitation of § 1322(d).

In the present case, since the Debtor has invoked the strip and pay provision of § 1322(b)(2), he is bound by the five year limitation period. And since the Debtor's payments on the stripped down, $90,000 secured claim would extend beyond a five year period, the proposed plan may not be confirmed.

For the above reasons, we hereby GRANT Bank One's objection to confirmation.

The Debtor shall have 20 days from the entry date of this order in which to file an amended plan.

A hearing on valuation, if any, shall be scheduled upon the written request of Bank One.

IT IS SO ORDERED.

---

**2.** The antimodification provision of 11 U.S.C. § 1322(b)(2) does not protect a mortgage secured by a multi-family structure in which only one unit is used as the debtor's residence. *E.g., In re Kimbell*, 247 B.R. 35 (Bankr.W.D.N.Y.2000).

**3.** The parties have stipulated that valuation, if necessary, would be determined at a future hearing. For purposes of this decision, the Court will assume that the value of the property is $90,000 and, therefore, that Bank One is undersecured.

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the Court the Debtor's motion to reconsider this Court's Order Denying Confirmation (Doc. 51).

In the Order Denying Confirmation, we held that the Debtor could not invoke both the "strip and pay" provision of 11 U.S.C. § 1322(b)(2) and the "cure and maintain" provision of 11 U.S.C. § 1322(b)(5) with respect to a single creditor.

■ A motion for reconsideration is not recognized under the Federal Rules of Civil Procedure. *E.g., In re Wedgestone Financial,* 152 B.R. 786 (Bankr.D.Mass. 1993). Thus, the Debtor's motion must be viewed as either a motion to alter or amend judgment under Civil Rule 59(e) or as a motion for relief from judgment under Civil Rule 60(b).

■ Civil Rule 59(e) motions to alter or amend are appropriate only to correct "manifest errors of fact or law." *In re Oak Brook Apartments of Henrico County, Ltd.,* 126 B.R. 535, 536 (Bankr.S.D.Ohio 1991) (Sellers, J.)(quotations in original) (citations omitted). Such motions should not be used to relitigate issues already decided. *Id.* Such motions are not a substitute for appeal. *Id.*

■■ The Debtor has not set forth a reason for relief enumerated under Civil Rule 60(b)(1) through (5). Thus, it is assumed that the Debtor is seeking relief under the "catchall" provision of Civil Rule 60(b)(6). Relief under Rule 60(b)(6) requires a showing of "unusual or extreme situations where principles of equity mandate relief." *In re Walter,* 282 F.3d 434, 440 (6th Cir.2002).

In its motion to reconsider, the Debtor asks this Court to "more fully consider" the cases of *In re McGregor,* 172 B.R. 718 (Bankr.D.Mass.1994), *In re Murphy,* 175 B.R. 134 (Bankr.D.Mass.1994), and *In re*

*Pruett,* 178 B.R. 7 (Bankr.N.D.Ala.1995). The Court did fully consider these cases prior to the issuance of the Order Denying Confirmation. The Debtor's request is not a basis for relief under either Civil Rule 59(e) or Civil Rule 60(b)(6). For purposes of clarification, we now note that we respectfully disagree with the rationale of *In re McGregor* and its progeny because those cases fail to recognize the five year limitation of 11 U.S.C. § 1322(d).

■ The Debtor also asks that he now be allowed to present oral argument on the issue of "grossly undersecured mortgages" with the hopes of curtailing "predatory lending practices." Counsel for the Debtor was present at the July 15, 2003 hearing and had the opportunity at that time to present oral argument on this and any other issue. Debtor's counsel filed pre-hearing and post-hearing briefs in which this policy argument could have been raised. In short, it is too late for the Debtor to raise this policy issue. In any event, the we note that as a Court, we are bound to follow the constraints of the Bankruptcy Code, i.e., the five year limitation on a plan as set forth in 11 U.S.C. § 1322(d), while it is the job of Congress to consider the ways in which predatory lending practices may be curtailed.

For the above reasons, we hereby DENY the Debtor's motion for reconsideration.

The Debtor shall have 20 days from the entry date of this order in which to file an amended plan.

IT IS SO ORDERED.