**IN RE : Lawrence Emerson TONEY, Jr. and Jo Ann Duryea–Toney, Debtors.**

**CASE NO. 12–77431–BEM**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Signed January 2, 2015

J. Nevin Smith, Smith Conerly LLP, Carrollton, GA, for Debtors.

### ORDER

Barbara Ellis–Monro, U.S. Bankruptcy Court Judge

This case came before the Court for hearing on November 19, 2014, on the Motion to Compel Debtors' Compliance with Court's Order of August 27, 2014 (the "Motion to Compel") (Doc. 82), Debtors' Opposition To Traveller Finance Group, LLC's Motion to Compel Debtors' Compliance With Court's Order of August 27, 2014 (the "Response") (Doc. 90), Debtors' Motion To Reconsider Court's Order On Motion To Settle and Incorporated Memorandum of Law (the "Motion to Reconsider") (Doc. 89) and Traveller Finance Group, LLC's Brief In Opposition To Debtors' Motion To Reconsider (Doc. 91).

Counsel for Traveller Finance Group, LLC ("Traveller"), Kevin Stein; counsel for Debtors, David Luzem and Chuck Conerly; counsel for the chapter 7 Trustee, Russell Patterson; and counsel for James A. Duryea, JADCO's Networking Partners, LLC, and 4 Seasons Storage, LLC (the "Duryea Parties"), Bruce Z. Walker appeared at the hearing and argued with respect to each of their client's positions on the Motion to Compel and Motion to Reconsider. The Motion to Compel and Motion to Reconsider arose out of a mediated settlement and this Court's Order on the Trustee's Motion To Compromise Various Controversies (the "Order") in which the Court approved the settlement agreement drafted at the end of mediation (the "Settlement Agreement"). The Order included approval of certain releases (the "Detailed Releases") which were attached to the Order (Docs. 57, 61).

On April 1, 2014, Traveller filed a Consent Motion For Mediation Referral (the "Referral Motion") (Doc. 48). The Referral Motion identifies the following issues that were to be the subject of mediation: (i) Traveller's objection to exemption in a Schwab account claimed by Debtor wife, (ii) fraudulent transfer claims against the Duryea Parties which were the subject of a suit in state court brought by Traveller, (iii) the chapter 7 trustee's standing to pursue the claims raised by Traveller against the Duryea Parties, and (iv) the priority of claims against the Schwab account "by virtue of [Traveller's] pre-petition judgment lien." See Doc 48.

An Order Authorizing and Directing Mediation was entered on April 15, 2014 (the "Mediation Order") (Doc. 50). The Mediation Order states in relevant part:

[t]he debtors, the chapter 7 trustee, Traveller Finance Group, LLC, James A. Duryea, and JADCO's Networking Partners, LLC shall mediate the issues

and disputes described in the motion— i.e., Traveller Finance Group, LLC's objection to Jo Ann Duryea–Toney's claim of exemption [Doc. 37], the fraudulent transfer claims asserted in the pending lawsuit styled *Traveller Finance Group, LLC v. James A. Duryea and JADCO's Networking Partners, LLC,* Cobb County Superior Court, Civil Action File No. 13-1-10893-99, and the competing claims and priorities of Traveller Finance Group, LLC relative to the chapter 7 trustee (on behalf of the bankruptcy estate) in those assets and recoveries related to the objection and lawsuit.

(Doc. 50). The Mediation Order was signed by counsel for Traveller and the Debtors.

Thereafter the parties attended mediation and on June 17, 2014, counsel for the chapter 7 trustee filed the Trustee's Motion To Settle And Compromise Various Controversies (the "Settlement Motion")(Doc. 57). The Settlement Motion provides that the Trustee

> seeks to settle and compromise a number of matters including the following: (a) Trustee has asserted (informally) various voidable transfer claims against Mrs. Toney's son, James Duryea ... and two of his companies, JADCO's Networking Partners, LLC ... and 4 Seasons Storage, LLC ... [collectively, "Defendants"]; (b) One of the creditors in this case, Traveller ... has asserted a secured claim against the voidable transfer claims alleged by the Trustee. (c) In addition, Traveller has filed an objection to the exemptions of Mrs. Toney alleging that Mrs. Toney's interest in a Schwab individual retirement account is not exempt in this case .... (d) Traveller alleges a secured claim against any monies held in Mrs. Toney's IRA accounts. (e) In addition to all of the foregoing, Traveller filed a suit against two of the Defendants in the Superior Court of Cobb County (Case No. 13–1–10893–99) also asserting voidable transfer claims against those Defendants.

(Doc. 57 ¶ 2). The Settlement Motion further provides that "the parties have agreed to settle all of Trustee's and Traveller's claims and positions in this matter, including, without limitation, in the Cobb County lawsuit." (Doc. 57, ¶ 5) The Settlement Motion makes clear that the terms of the Settlement Agreement control rather than any statements contained in the Motion. (Doc. 57, ¶ 5).

The Settlement Agreement states in relevant part:

> Whereas, the Parties wish to settle and resolve all claims and objections (including all objections to exemptions in the Chapter 7 Case) between and among one another in connection with the Chapter 7 Case and the Lawsuit [defined as case no. 13–1–10893–99 pending in the Superior Court of Cobb County] or against any property of the Toneys, aside from the Trustee's potential claims regarding the possibility of administering the Toneys' Porsche vehicle and their residence ("Claims"), however nothing herein constitutes an admission of liability;

(hereinafter, the "Whereas Clause")(Doc. 57, Ex. A), The Settlement Agreement states at paragraph 4:

> [e]ach of the Parties hereby agree to broad, general releases against one another, including their affiliates, successors in title, attorneys, and assignees with respect to the Claims. However, said releases shall become effective once the settlement has been approved and Trustee has received the first of the settlement payments. The releases do not release the payment obligations and other rights hereunder.

(Doc. 57, Ex. A). And, paragraph 7 states:

> [I]n the event of a dispute between the Parties regarding the terms of this

agreement or any documentation prepared in furtherance of this agreement (e.g.: the Rule 9019 motion or proposed order thereon), the dispute shall be submitted to Judge Bonapfel for a mediated resolution.

(Doc. 57, Ex. A). The chapter 7 trustee, Traveller by its attorney, Mrs. Toney by her attorney, Mr. Toney, and Mr. Duryea signed the Settlement Agreement.

The Settlement Motion was approved without opposition from any party and the Order was entered on August 27, 2014. The Order, prepared and submitted by the Trustee's counsel, approved the "Detailed Releases" attached to the Order and directed that "[u]pon entry of this Order, the Detailed Releases will be promptly executed by all parties thereto . . . ." (Doc. 61, p. 6). The releases contained in the Detailed Releases are by and between the Duryea Parties and their respective representatives, affiliates, predecessors, successors and assigns, Traveller and the chapter 7 trustee. The Debtors neither gave nor received a release in the Detailed Releases. Thus, the Debtors argue that they are not required to execute the Detailed Releases because they are not parties thereto. They further argue that the release given to the Trustee and the bankruptcy estate by Traveller alters the terms of the Settlement Agreement because it narrows the "broad, general releases" contained in the Settlement Agreement at paragraph 4.

The portion of the Detailed Releases at issue states, "this Release shall not release, waive, discharge, cancel, satisfy, modify, impair, or otherwise affect Traveller's judgment lien on any real or personal property that is not the subject of Traveller's objection to the Toneys' claim of exemptions in the Chapter 7 Case or the Lawsuit." (Doc. 61, p. 11). Traveller disagrees and argues that Debtors seek to expand the scope of the release contemplated by the Settlement Agreement which it contends only addresses the lawsuit against the Duryea Parties and the objection to exemption in Mrs. Toney's IRA and does not address Traveller's judgment lien. Traveller argues further that all parties to the Settlement Agreement were ordered to sign the Detailed Releases while Debtors argue that only parties to the Detailed Releases were required to execute the Detailed Releases documents.

Counsel for the Trustee advised the Court that he sent the proposed form of order approving the Settlement Motion, including the Detailed Releases, to all parties to the Settlement Agreement which included the Debtors' counsel and did not present the Order to the Court for entry until after all parties had signed off on the documents. Debtors' counsel did not dispute that the Trustee's counsel had sent the Detailed Releases to them prior to entry of the Order. It is also undisputed that after entry of the Order, on September 10, 2014, counsel for Duryea requested that "[e]veryone, please confirm that [Traveller's counsel] will receive, within a week, your parties' signatures." (Doc. 82, Ex. 1). Debtor's counsel responded on, September 10, 2014, that this was "confirmed." (Doc. 82, Ex. 1). Notwithstanding, Debtors now seek reconsideration of the Order because they object to signing the Detailed Releases document.

After hearing argument from the parties at the hearing on the Motion to Compel and Motion to Reconsider, the Court advised that it would either enter an order on the Motions or set a further hearing to take evidence with respect to the scope of the mediation and the terms of the Settlement Agreement[1]. After careful consideration of the pleadings of record, the argu-

---

1. The parties agreed that because the Order was entered this dispute is not subject to the mediation provisions of the Settlement Agreement.

ment of counsel and those statements of fact made at the hearing that were not disputed, the Court will deny the Motion to Reconsider and grant the Motion to Compel.

### Analysis

Debtors ask the Court to reconsider the Order "and to the extent the Detailed Releases are necessary to modify them to be consistent with the Settlement Agreement." (Doc. 89, p. 3). Debtors argue that the Court should reconsider the Order because, due to "mistake, and excusable neglect" the Order included the Detailed Releases which Debtors argue materially alter the terms of the Settlement Agreement. *Id.* at pp. 4–5. Debtors argue further that they were not involved in the negotiation of the Detailed Releases and that the terms of the Detailed Releases were not included in either the Settlement Motion or the Settlement Agreement such that Debtor's

> cause for concern [only] arose because upon closer review of the Detailed Releases it becomes apparent that the Detailed Releases materially alter the terms of the Settlement Agreement. Specifically, the parties agreed in the Settlement Agreement that they were settling and releasing all claims "against any property of the Toneys...." However, the Detailed Releases attempt to carve out an exception to this general release in favor of Traveller....

(Doc. 89, p. 5–6). Debtors then say that "[h]ad [they] known that this language was to be included in the *Order* they would have appeared at the July 16, 2014 [hearing] and stated their objections thereto." *Id.* Debtors conclude by asserting that because they were without knowledge of the effect of the Detailed Releases and did not consent thereto this excuses any mistake or neglect. *Id.*

Traveller argues that Debtors are seeking to alter or amend the Order under Fed.R.Bankr.P. 9023 and Fed.R.Civ.P. 59(e) and that because Debtors waited more than 14 days after entry of the Order to file the Motion to Reconsider it is untimely. Traveller argues further that the Detailed Releases concern property of the estate, are by and between Traveller and the Trustee and thus, Debtors do not have standing to raise defenses to any such claims. As a result Traveller argues Debtors do not have a meritorious defense and Debtors have failed to establish grounds for relief from the Order under Rule 60(b). In addition, Traveller argues that the Motion to Reconsider is really an untimely appeal and finally that, attorney error does not justify reconsideration.

Rule 9024 of the Federal Rules of Bankruptcy Procedure makes Federal Rule of Civil Procedure 60(b) applicable in bankruptcy. Debtors seek relief from the Order pursuant to those rules which allow, in some instances, for relief from a final order or judgment for "(1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason that justifies relief." Fed.R.Civ.P. 60(b). The standard for setting aside a judgment is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993)(ruling that inadvertence, mistake, or carelessness can constitute excusable neglect). In determining if there is excusable neglect under Rule 60(b), the court must consider "the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Cheney v. Anchor Glass Container*, 71 F.3d 848, 850 (11th Cir.1996) (citing *Pioneer*, 507

U.S.at 392, 113 S.Ct. at 1497)). In applying this standard, the Eleventh Circuit has required a movant to show (1) a meritorious defense that might affect the outcome, (2) a lack of prejudice to the nonmoving party; and (3) a good reason for the default. *Valdez v. Feltman, (In re Worldwide Web Sys., Inc.)*, 328 F.3d 1291, 1295 (11th Cir.2003). The Eleventh Circuit has noted that the lack of prejudice and efficient judicial administration are accorded primary importance. *Id.* at 1297 (citing *Cheney*, 71 F.3d 848, 849–50 (11th Cir. 1996)).

■■■ In contrast, the relief available under Rule 60(b)(6) is meant "only for extraordinary circumstances." *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir.2000). "To justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." *Pioneer*, 507 U.S. at 393, 113 S.Ct. at 1497 (*citing Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863 and n. 11, 108 S.Ct. 2194, 2205, 100 L.Ed.2d 855 and n. 11 (1988)). In addition, the Eleventh Circuit has observed that it "consistently has held that 60(b)(1) and (b)(6) are mutually exclusive. Therefore, a court cannot grant relief under (b)(6) for any reason which the court could consider under (b)(1)." *Solaroll Shade and Shutter Corp., Inc. v. Bio–Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir.1986); *See also, Pioneer*, 507 U.S. at 393, 113 S.Ct. at 1497 (confirming the mutually exclusive nature of 60(b)(1) and (b)(6) relief). As a result, if the reasons for vacating a judgment amount to "excusable neglect" relief is not available under Rule 60(b)(6).

■■■ Motions for reconsideration are governed by Fed.R.Civ.P. 59 which is applicable in bankruptcy pursuant to Fed. R.Bankr.P. 9023. Motions for reconsideration cannot be used to relitigate issues already decided, to pad the record for an appeal or to substitute for an appeal. *Kellogg v. Schreiber*, 197 F.3d 1116, 1120 (11th Cir.1999); *In re McDaniel*, 217 B.R. 348, 350–51 (Bankr.N.D.Ga.1998) (J. Drake); *In re Oak Brook Apartments of Henrico Cnty., Ltd.*, 126 B.R. 535, 536 (Bankr. S.D.Ohio 1991). Such motions should not be used to raise arguments which were or could have been raised before judgment was issued. *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir.1992). Rather, the grounds for granting a Rule 59 motion are limited to cases where there is "newly-discovered evidence or manifest errors of law or fact." *Kellogg*, 197 F.3d at 1119. Similarly, a motion to alter or amend a judgment should not be used as a "vehicle for raising issues or citing authorities the party could or should have presented prior to the court's ruling." *O'Neal*, 958 F.2d at 1047; *Am. Home Assur. Co. v. Glenn Estess & Assoc., Inc.*, 763 F.2d 1237, 1239 (11th Cir.1985); *McDaniel*, 217 B.R. at 350–351.

■■■ With respect to relief under Rule 60(b), when all the circumstances of Debtors' delay in seeking reconsideration of the Order, and specifically to eliminate the reservation of Traveller's judgment lien are considered, it is apparent that this is not a case in which the equities support granting relief under Rule 60(b)(1). Although it is possible to argue, as Debtors do, that the Detailed Releases are inconsistent with the Whereas Clause and paragraph 4 of the Settlement Agreement, this does not explain why Debtors waited 60 days after entry of the Order to raise the issue. The potential inconsistency between the Settlement and the Detailed Releases are, in the circumstances of this case, insufficient to overcome the lack of good cause for the delay and the prejudice that the other parties to the Settlement Agreement would suffer if the Motion to Reconsider is granted.

Debtors received the Detailed Releases prior to entry of the Order and did not object. After entry of the Order, but before the Order was final, the Detailed Releases were again brought to Debtors' attention by email dated September 10, 2014 at 10:18 a.m. The full text of the email is as follows:

> [n]ow that the settlement order is becoming final today, I am in the midst of getting the check prepared for the first settlement payment, $100,000. Tomorrow, I plan to FedEx the check to Ms. Cathy Scarver. I am getting Mr. Duryea's signatures on the Detailed Release document, which, per the settlement order, we all must "promptly" get to Kevin [Traveller's counsel]. I will get my set of signatures to Kevin this week. Everyone, please confirm that Kevin will receive, within a week, your parties' signatures. (Doc No. 82, pp. 11).

Again Debtors failed to object and indeed, at 10:19 a.m. confirmed that they would sign the Detailed Releases document. It was only after Traveller sought to compel Debtors' execution of the Detailed Releases document that Debtors objected. Debtors have given no reason for failing to object sooner, other than to indicate that the negotiations on the Detailed Release were between the Trustee, Traveller, and the Duryea Parties, so that perhaps they didn't review the Detailed Releases as closely as they should have. Moreover, Debtors have provided no explanation at all why they initially agreed to sign the Detailed Release document and now decline to do so.[2]

In addition, and importantly, the relief sought by Debtors would be prejudicial to the other parties to the Settlement Agreement. Pursuant to the Settlement Agreement, and in reliance on the finality of the Order, the Duryea Parties have made significant payment to the Trustee. *See,* Doc. 82, Ex. 1. While the Duryea Parties did not take a position on the Motion to Reconsider or Motion to Compel, they did argue that the Detailed Releases must remain effective. Given the unexplained delay in filing the Motion to Reconsider, the prejudice to the other parties to the Settlement Agreement and the Debtors' late disclosure of assets with the potential to be the largest assets of the estate,[3] the Court concludes that Debtors have not shown that the equities are in favor of a finding of mistake or excusable neglect. Because Debtors rely on circumstances that could amount to excusable neglect, Debtors cannot seek relief under Rule 60(b)(6). And, even if they could pursue such relief, the circumstances here are just not extraordinary.

With respect to relief under Rule 59(e), as previously discussed, Debtors received the Detailed Releases prior to entry of the Order and prior to finality of the Order such that by their Motion to Reconsider, Debtors seek to raise issues that could have or should have been raised in conjunction with the Settlement Motion and entry of the Order. Further, Debtors have not identified any new evidence that would support altering or amending the Order. Indeed, the only new information currently before the Court is Debtors' late amendment to disclose potentially substantial assets of the estate. Finally, even if this were not the case, Debtors failed to comply with Rule 9023 and the Motion to Reconsider is untimely, having been filed more than 14 days after entry of the Order. *See* Fed.R.Bankr.P. 9023; BLR 9023–1.

---

**2.** Debtors relied on documents of record in seeking relief and did not appear at the hearing on the Motion to Reconsider.

**3.** See, Doc. No. 74 p. 13 of 19 filed September 26.2014.

For all of these reasons, there is no basis for granting the relief sought by Debtors and it is now hereby

ORDERED that the Motion To Reconsider is DENIED. It is further

ORDERED that the Motion To Compel is GRANTED and Debtors are directed to acknowledge the Detailed Releases by executing the Detailed Releases within ten days from the entry of this Order. It is further

ORDERED that counsel for the Debtors is directed to provide counsel for each of the Trustee, Traveller and the Duryea Parties with an executed copy of the Detailed Releases.

**IT IS ORDERED.**